IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**CARLA MATTHEWS** and
**LASERE REID-SMITH,** individually,     Case No. 3:14-cv-00646-FDW-DSC
and on behalf of others similarly situated,

       Plaintiffs,

vs.

**CLOUD 10 CORP,** a Delaware corporation,

       Defendant.

## PROTECTIVE ORDER

The parties, having agreed to conduct certain discovery under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in accord with this Court's Standing Protective Order for Civil Cases:

IT IS HEREBY STIPULATED AND AGREED THAT the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.    Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except: a. The requesting party and counsel; b. Employees of such counsel assigned to and necessary to assist in the litigation; c. Consultants or experts to the extent deemed necessary by counsel; d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and e. The Court or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall: a. Inform the person of the confidential nature of the information or documents; and b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be displayed to and discussed with the persons

identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

8. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

10. A Producing Party that inadvertently fails to designate discovery material as Confidential at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who reviewed the re-designated discovery material prior to notice of the re-designation by the Producing Party

shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the re-designated materials.

11. A Producing Party that inadvertently produces any document or other information during discovery in this action that is otherwise privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently Producing Party, the party to whom that information was produced (a) shall immediately destroy the original and all copies (physical or electronic) of such material and shall send the Producing Party written confirmation of that destruction within 10 calendar days of having received the request and (b) shall not thereafter use such information for any purpose unless authorized to do so by the Court.

**SO ORDERED**.

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A – PROTECTIVE ORDER

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Carla Matthews, et al v. Cloud 10 Corp.*, Case No. 3:14-cv-00646 (Hon. Frank D. Whitney) have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

_____
(Name)

Signed in the presence of

_____
Attorney