# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-cv-00646-FDW-DSC

| | |
|---|---|
| CARLA MATTHEWS and LASERE REID-SMITH, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CLOUD 10 CORP., a Delaware corporation, <br><br> Defendant. | ORDER and <br> NOTICE OF HEARING |

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to File Excess Pages (Doc. No. 29) and on the Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Purpose of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (Doc. No. 30). For the reasons stated in the two unopposed motions, both motions are hereby GRANTED.

This matter came before the Court pursuant to the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, which explained that a proposed settlement has been reached that represents a resolution of all class members' claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and state and common law wage and hour claims, and their request to the Court, for settlement purposes only, that it: (1) preliminarily approve the proposed settlement agreement pursuant to Fed. R. Civ. P. 23 (c) and (e) and §216(b) of the Fair Labor Standards Act; (3) preliminarily certify a class action (collectively, the Court will refer to the Rule 23 class and the collective claims pursuant to Section 216(b) of the FLSA as the term "Class"); and (4) schedule a Fairness Hearing to consider final approval of the proposed settlement.

WHEREAS, the Parties have reached a settlement of the above-captioned matter; and

WHEREAS, Plaintiffs approved the terms of the settlement; and

WHEREAS, although Defendant asserts a variety of defenses and denies any wrongdoing or legal liability with regard to any and all of the claims asserted in this litigation or in the Complaint, Defendant nevertheless desires to settle the asserted Class action claims on the terms and conditions memorialized in the Settlement Agreement for the purpose of avoiding the burden, expense, and uncertainty of trial, and for the purpose of putting to rest the controversies that could be advanced by this litigation; and

WHEREAS, the parties waived an informal preliminary approval hearing, and the Court, after reviewing the pleadings, finds that no preliminary approval hearing is necessary, and is otherwise fully advised of the facts and circumstances of the proposed settlement;

**WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

**Preliminary Approval of the Class Settlement Agreement**

1. The standards for preliminary approval of a class settlement under Fed. R. Civ. P. 23(e) involves a two-step process:

    (a) Preliminary approval of the proposed settlement at an informal hearing and dissemination of mailed and/or published notice of the settlement to all affected Class Members; and

    (b) A formal fairness hearing or final approval hearing, at which Class Members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

*See Beaulieu v. EQ Indus. Servs.*, 2009 U.S. Dist. LEXIS 133023, *69 (E.D.N.C. Apr. 20, 2009) (*citing Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994); MANUAL FOR COMPLEX LITIGATION §§ 21.632, 30.41 (5th ed. 2004)). This procedure, commonly employed by federal courts, serves the dual function of safeguarding class members'

procedural due process rights, and enabling the Court to fulfill its role as the guardian of the interests of the class. Specifically, at this preliminary stage of settlement proceedings, the Court is not required to undertake an in-depth consideration of the relevant factors for final approval. Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Domonoske v. Bank of Am., N.A.,* 2010 U.S. Dist. LEXIS 7242 at *48-49 (W.D. Va. Jan. 27, 2010) (*quoting* Manual for Complex Litigation (Fourth) § 21.632 (2004)).

2. The Court was advised by all counsel of the material terms of the Settlement Agreement, which are summarized below:

(a) Defendant will allocate One Million Ninety Thousand Two Hundred Fifty-Three Dollars and Thirty-Seven Cents ($1,090,253.37) (the Maximum Settlement Amount) to pay: (a) the proper and timely claims of Claimants; (b) Settlement administration costs; (c) Class Counsel's fees and litigation costs; and (d) Enhancement awards to the Class Representatives.

(b) Class Counsel will make an application to the Court for attorneys' fees in the amount of Three Hundred Fifty-Nine Thousand Seven Hundred Eighty-Three Dollars and Sixty-One Cents ($359,783.61) and costs in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.0).

(c) The Class Representatives will each make an application to the Court for Enhancement awards in recognition of their service to the Class members in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) per Class Representative.

(d) After deduction from the Maximum Settlement Amount for Settlement administration claims, Class Counsel's fees and costs, and Enhancement awards, Defendant will use the net amount to pay each Potential Claimant who submits a valid, timely Claim Form and IRS Forms W-4 and W-9 an amount based on a formula that adds 20 minutes to each Potential Claimant's time records for each day worked during the time that the Potential Claimant worked for Defendant as a Home-Based Customer Service Representative during the Settlement Period. This sum will be multiplied by 1.62 pursuant to the liquidated damages provision of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The Potential Claimant's individualized Settlement Payment is based on an agreed upon rate of $9.94 for

regular pay (under 39 hours) and corresponding rate of $14.94 for overtime pay (over 39 hours) for the applicable workweeks in which the Potential Claimant worked for Defendant during the Settlement Period.

(e) Potential Claimants who submit timely and valid Claim Forms and Releases will receive a one-time payment based upon the formula. Each Claimant's actual payment will be based on the total number of Claimants participating in the Settlement. In other words, the fewer number of Claimants who participate, the larger each Claimant's actual payment will be.

(f) Each Potential Claimant who participates in the Settlement must sign the Claim Form and Release, and by receiving payment from the Settlement shall be deemed to release and discharge Defendant for all claims, liabilities, and causes of action of every nature and description whatsoever by the Potential Claimant related to any claim for unpaid wages, overtime wages, minimum wages and/or liquidated damages, interest, attorneys' fees, and litigation costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. and any state or common law that accrued from November 19, 2011 through the date of the Potential Claimant's signing of the Claim Form which includes the period they were employed by Defendant as a Home-Based Customer Service Representative, including without limitation, claims for wages, premium pay, overtime pay, penalties, liquidated damages, punitive damages, interest, attorneys' fees, and litigation costs.

(g) Any person who is a Potential Claimant, but who desires to opt-out, may do so by personally signing and timely filing an Opt-Out Form and submitting that form pursuant to the terms of the Settlement Agreement.

(h) Any person who is a Potential Claimant, but who desires to object to the Settlement, may do so by submitting a Claim Form and Release and filing a written objection with the Court.

3. The Court is well aware of the many factual and legal issues that remain in dispute between the Parties and that the Parties understand that they each face significant yet unknown consequences relative to the Court's potential rulings, and then trial.

4. The Parties have spent much of the past five months in focused settlement efforts.

5. The Court has reviewed the Settlement Agreement, and the documents that comprise its various exhibits (which include Class Notice, Claim Form and Release, and Opt Out Form), and a proposed timetable of events, for purposes of approval under Rule 23(g) and §216(b) of the FLSA, and preliminarily finds that the Settlement Agreement constitutes a fair result given

the totality of the circumstances facing Plaintiffs and the Class. The benefits of settlement are great in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of prolonged litigation. "There is a strong judicial policy in favor of settlements, particularly in the class action context." *Case v. Plantation Title Co.*, 2015 U.S. Dist. LEXIS 33580, *22 (D.S.C. Mar. 5, 2015) (*quoting In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998). As the Court is aware, the present Class Action Settlement was reached after prolonged arms-length negotiations by experienced counsel on both sides. The terms of this Settlement as outlined above and as set forth in greater detail in the Settlement Agreement represent, in this Court's opinion, an excellent result achieved by experienced counsel for Plaintiffs and Defendant.

Upon review of the materials submitted by the Parties in furtherance of the entry of this Order, the Court hereby grants preliminary approval of the Parties' Settlement Agreement pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure and §216(b) of the FLSA as agreed to and by the Parties. Approval is based upon: (a) the relative strength of the Plaintiffs' case on the merits; (b) the existence of any difficulties of proof or strong defenses the Plaintiffs are likely to encounter if the case goes to trial; (c) the anticipated duration and expense of litigation; (d) the amount of informal discovery completed and the character of the evidence uncovered by the Parties; (e) the fairness of the Settlement, as set forth on the record by counsel, to the Class Members; (f) the fact that the Settlement is the product of extensive arms-length negotiations between the Parties; (g) the fact that any proposed Class Member who disagrees with the Settlement may opt out by personally signing the Opt Out Form and submitting it pursuant to the procedures set forth in the Settlement Agreement; and (h) the fact that this Settlement is consistent with the public interest.

## Preliminary Approval of Class

6. Pursuant to Rule 23, the proposed Settlement of the state and common law claims in this action, as embodied in the terms of the Settlement Agreement, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class (as defined in the Settlement Agreement), in light of the factual, legal, practical, and procedural considerations raised by this case.

7. Solely for the purpose of Settlement, and pursuant to Rule 23, the Court hereby preliminarily certifies the following Rule 23 class:

> All current and former hourly home-based customer service representatives who worked for Defendant at any time in the United States from November 19, 2011 to August 17, 2014.

8. Solely for the purpose of Settlement, and pursuant to the collective action procedures of Section 216(b) of the FLSA, the Court certifies the following settlement class:

> All current and former hourly home-based customer service representatives who were employed by Defendant at any time from November 19, 2011 to August 17, 2014.

9. The Court orders that the Settlement Class is preliminarily certified for settlement purposes only. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class/collective action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class/collective action is properly certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying Settlement Classes and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the Defendant or in this litigation if the Settlement is not finally approved.

10. The Court finds that certification of the Rule 23 classes, solely for purposes of Settlement, is appropriate in that: (a) the Settlement Class Members are so numerous that joinder

of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

11. The Court hereby preliminarily appoints Plaintiffs Carla Matthews and LaSere Reid-Smith as Representatives of each of their respective Rule 23 state law classes and finds that they meet the requirements of Rule 23(a)(4).

12. The Court finds that the plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. That plan is approved and adopted. This Court further finds that the Class Notice complies with Rule 23(c)(2) and Rule 23(e), and are appropriate as part of the plan for issuing notice set forth in the Settlement Agreement are approved and adopted.

13. The Court finds and orders that no other notice is necessary.

14. The Court orders that pending final determination as to whether the Settlement should be approved, the Class Representatives and other Class Members, whether or not such persons have appeared in this action, shall not institute or prosecute any claims or actions against the Defendant that fall within the definition of the claims being released under the terms of the Settlement Agreement, and any other pending actions, including any pending class or collective actions brought pursuant to either Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216(b), by Class Members against the Defendant, whether in court, arbitration, or pending before

any state or federal governmental administrative agency, are stayed on an interim basis as to any claims that fall within the definition of the released claims for the Settlement Period.

15. If this Settlement is terminated for any reason or is not consummated for any reason, the certification of the Class shall be void and the Court will vacate the certification, and Plaintiffs and Defendant shall be deemed to have reserved all of their rights to propose or oppose any and all certification and/or decertification issues.

16. The Court further preliminarily finds that Plaintiffs' Counsel, Sommers Schwartz, P.C. and Johnson Becker, PLLC will fairly and adequately represent the interests of the Class, and hereby appoints them pursuant to Fed. R. Civ. P. 23(a)(4) and 23(g) as Class Counsel for settlement purposes only.

17. Preliminary approval of a class action settlement includes setting deadlines for providing notice; opting out of the settlement class; objecting to the Settlement Agreement or to the proposed award of attorneys' fees, costs, expenses and plaintiffs' incentive awards; scheduling a Fairness Hearing; and submitting claims.

18. The Court sets the following dates for the Approval Process:

**Proposed Timeline**

| EVENT | ANTICIPATED DATE |
|---|---|
| File Motion for Preliminary Approval Order; Settlement Agreement with Exhibits, including Class Notice. | August 25, 2015 |
| Entry of Preliminary Approval Order (Preliminary Approval). | August 28, 2015 |
| Defendant shall provide the Settlement Administrator with addresses for Class Notice to be mailed. | Within 7 days after the Preliminary Approval Order. |

| EVENT | ANTICIPATED DATE |
|---|---|
| Deadline for the Settlement Administrator to mail Class Notice, Claim Forms, and Opt-Out Forms (Mailing Date). | Within 21 days after Preliminary Approval. |
| Deadline for Potential Claimants to post-mark Claim Forms, Opt-Out Forms, and Objections (Claim Deadline). | Within 30 days after the Mailing Date |
| Deadline for Parties to file response to objections. | Within 10 days after Claim Deadline. |
| Deadline for Class Representatives to file Motion for Final Approval, Enhancement Awards, and Attorneys' Fees and Costs. | Within 14 calendar days after the Claim Deadline. |
| Final Fairness Hearing. | November 17, 2015[1] |
| Effective Date | 31 days after entry of Final Approval Order. |
| Deadline for Defendant to mail individual payments to each Participant Claimant. | Within 3 calendar days after the Effective Date. |

19. Any Claimant may object to the Settlement Agreement and/or appear at the Fairness Hearing to object to the Settlement Agreement. A Claimant wishing to object must timely file with this Honorable Court and serve on Class Counsel and counsel for Defendant a written statement clearly describing why he or she believes the Settlement is not fair or reasonable. Claimants who fail to comply with this provision shall be deemed to have waived any objections, and shall be foreclosed from making any objection, whether by appeal or otherwise, to the Settlement.

20. All proceedings in this Action not related to Settlement shall be stayed pending the Fairness Hearing pursuant to Fed. R. Civ. P. 23(e), to determine the fairness, reasonableness, and

---

[1] The Court is unable to accommodate the parties' request to hold the hearing during the weeks of November 2 or November 9, 2015.

adequacy of the proposed Settlement and whether it should be finally approved. Further, all Class Members who did not personally sign and file a timely notice of their intent to opt out, or who filed a timely claim under § 216(b) of the Fair Labor Standards Act, shall be enjoined from commencing or taking any other action based upon the claims at issue in the Complaint.

21. The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without further notice and to approve the Settlement Agreement at or after the Fairness Hearing, scheduled for **Monday, November 17, 2015, at 9:00 am in Courtroom #1-1 of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, NC 28202.**

**IT IS SO ORDERED.**

Signed: August 27, 2015

Frank D. Whitney
Chief United States District Judge